Larry W. Barger
P.O. Box 52041
Idaho Falls, Idaho 83405-2041
(208) 589-8737
Plaintiff, Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

LARRY W. BARGER,

Plaintiff

vs.

BECHTEL BWXT IDAHO, LLC,
CH2M-WG IDAHO, LLC,
JOHN D. EDELMAYER and
BERNADINE C. SIKORSKI,

Defendants

Case No. CIV 07-00256-E-BLW

**AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

For this complaint, Plaintiff Larry W. Barger, respectfully alleges the following:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Larry W. Barger, is a resident of Bonneville County, Idaho Falls, Idaho and a United States citizen.
2. Plaintiff, at all times relevant, was employed by Defendant, BECHTEL BWXT IDAHO, LLC until discharged from employment.
3. Defendants, BECHTEL BWXT IDAHO, LLC and CH2M-WG IDAHO, LLC, at all times relevant, are residents of Idaho.
4. Defendant, CH2M-WG IDAHO, LLC, at all times relevant, is the Successor In Interest to BECHTEL BWXT IDAHO, LLC as defined under 29 U.S.C. § 2611 by maintaining continuity of operations, use of the same facility, continuity of the workforce, similarity in the working environment, and similarity of services.
5. Defendant, John Edelmayer, at all times relevant, is a resident of Idaho and a United States citizen.
6. Defendant, Bernadine C. Sikorski, at all times relevant, is or was a resident of Idaho and a United States citizen.
7. Jurisdiction is proper in this court pursuant to 28 U.S.C. §§ 1331, 1441, 29 U.S.C. § 2601, et seq., and 42 U.S.C. § 12101, et seq.
8. Plaintiff invokes supplemental jurisdiction over state and common law claims pursuant to 28 U.S.C. § 1331.
9. Venue is proper in this district pursuant to 28 U.S.C. § 1391.
10. Plaintiff has complied with and has exhausted all internal company, state and federal administrative remedies.

11. Plaintiff filed a charge under the Americans with Disabilities Act of 1990 with the Idaho Human Rights Commission, and dual filed with the Equal Employment Opportunity Commission with Notices of Right to Sue received from the IHRC on or about July 28, 2006 and the EEOC on or about August 26, 2006, respectfully.

12. This action has been filed within the applicable two-year statute of limitations for violations under 42 U.S.C. § 12101, et seq., common law tort claims and the three year statute of limitation for willful violations under 29 U.S.C. § 2601, et seq.

**GENERAL ALLEGATIONS**

13. Plaintiff was hired in January of 1990, by previous Successors In Interest, with no break in service until discharged from employment.

14. Plaintiff was an eligible employee, as defined under 29 U.S.C. § 2611 and 42 U.S.C. § 12111(4), whereas;

    a. Plaintiff was employed by Defendant, BECHTEL BWXT IDAHO, LLC for at least 12 months, for at least 1,250 hours of service with such employer during the previous 12-month period prior to discharge.

15. Plaintiff was a manager in the Radiological Control department and at all times prior to need for leave, was successfully performing the duties of of his position.

16. Defendants, BECHTEL BWXT IDAHO, LLC and CH2M-WG IDAHO, LLC, at all times relevant, are employers as defined under 29 U.S.C. § 2611 and 42 U.S.C. § 12111(5)(A), whereas;

    a. Employed 50 or more employees within a 75-mile radius, each working day during each of 20 or more calendar work weeks in the current or preceding calendar year, or

b. Employed 25 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding year.

17. Defendant, John Edelmayer, at all times relevant, was employed by defendant, BECHTEL BWXT IDAHO, LLC, as a manager responsible for employment and medical leave decisions for plaintiff.

18. Defendant, John Edelmayer, at all times relevant, was a employer or agent as defined under 29 U.S.C. § 2611 and 42 U.S.C. § 12111(5)(A) whereas he acted, directly or indirectly, in the interest of employer, BECHTEL BWXT IDAHO, LLC.

19. Defendant, Bernadine C. Sikorski, at all times relevant, was employed by defendant, BECHTEL BWXT IDAHO, LLC, as the Human Resource Director responsible for employment and medical leave decisions for plaintiff.

20. Defendant, Bernadine C. Sikorski, at all times relevant, was a employer or agent as defined under 29 U.S.C. § 2611 and 42 U.S.C. § 12111(5)(A) whereas she acted, directly or indirectly, in the interest of employer, BECHTEL BWXT IDAHO, LLC.

21. Plaintiff, at all times relevant, suffered from a chronic "serious health condition" of an illness, impairment and mental condition, diagnosed by personal health care provider as Depression, Bipolar and General Anxiety Disorder, which has extended over a period of time resulting in periodic visits, on two or more occasions, that involves continuing treatment by a health care provider and a regimen of prescribed medication treatment, as defined under 29 U.S.C. § 2611.

22. Prior to and after November 30, 2004 plaintiff notified and continued to keep immediate work managers informed of health concerns, visits to personal health care provider and prescribed medication as required by company policy.

23. At no time prior to or after November 30, 2004 did defendant, BECHTEL BWXT IDAHO, LLC request any medical information or certification of health condition from plaintiff or plaintiffs' personal health care provider.

24. On November 30, 2004 and through December 10, 2004, plaintiffs "serious health condition" rendered him unable to perform the essential functions of the job position held.

25. On November 30, 2004 and without prior notice, defendants, Edelmayer and BECHTEL BWXT IDAHO, LLC directed plaintiff to submit to a mandatory fitness for duty evaluation through the company OMP/EAP program.

26. On November 30, 2004, plaintiff opposed defendant, BECHTEL BWXT IDAHO, LLC, direction to be evaluated for fitness for duty by a doctor or counselor employed on a regular basis by defendant.

27. On November 30, 2004, plaintiff requested to be allowed to return home and take leave under personal physicians care for unforeseeable "serious health condition".

28. On November 30, 2004, under duress resulting from defendants actions and while suffering from complications with medication and "serious health condition", plaintiff left place of employment and returned home.

29. On December 2, 2004, plaintiff contacted defendants, Edelmayer and BECHTEL BWXT IDAHO, LLC, and informed defendants of plaintiffs intention not to terminate employment and actions resulting from "serious health condition".

30. On December 2, 2004, defendant, BECHTEL BWXT IDAHO, LLC re-scheduled and again directed plaintiff to submit to a mandatory evaluation for fitness for duty by a doctor or counselor employed on a regular basis by defendant.

31. On December 6, 2004, plaintiff was evaluated by an Employee Assistance Program (EAP) counselor employed on a full time basis by defendant, BECHTEL BWXT IDAHO, LLC.

32. On December 6, 2004, defendants, BECHTEL BWXT IDAHO, LLC, (EAP) counselor referred plaintiff to outside mental health counseling.

33. On December 6, 2004, defendant, BECHTEL BWXT IDAHO, LLC convened a Personnel Action Advisory Group (PAAG) to review plaintiffs' employment status without plaintiffs knowledge or involvement in proceedings.

34. On December 6, 2004, during (PAAG) meeting, defendants, BECHTEL BWXT IDAHO, LLC, (EAP) counselor, disclosed confidential medical and personal information obtained during evaluation without plaintiffs knowledge or consent.

35. On December 6, 2004, during (PAAG) meeting, defendant, BECHTEL BWXT IDAHO, LLC, used information obtained from company (EAP) counselor in decision to terminate plaintiffs employment.

36. December 6, 2004 through December 9, 2004, plaintiff continued to keep defendant, BECHTEL BWXT IDAHO, LLC informed of health condition and scheduled outside mental health counseling.

37. On December 9, 2004, plaintiff attended outside mental health counseling and notified defendant, BECHTEL BWXT IDAHO, LLC.

38. On December 10, 2004, plaintiff was informed by defendant, John Edelmayer that defendant, BECHTEL BWXT IDAHO, LLC had terminated plaintiffs' employment.

39. That plaintiff did not voluntarily resign from employment at any time prior to or after November 30, 2004.

40. That on or about December 15, 2004, plaintiff received a package containing a letter dated December 2, 2004 from defendant, Bernadine C. Sikorski stating "Please be advised that, effective November 30, 2004, Bechtel BWXT Idaho, LLC accepts your voluntary resignation".

41. That plaintiff was an eligible employee, with a "serious health condition" and entitled to medical leave protection under 29 U.S.C. § 2601, et seq.

42. That defendants subjected plaintiff to a prohibited medical evaluation or inquiry, and used confidential medical and personal information in decision to terminate employment.

43. That defendants took an adverse employment action in terminating plaintiffs employment.

44. That a causal connection exists between defendants adverse employment actions and plaintiffs protected rights under 29 U.S.C. § 2601, et seq. and 42 U.S.C. § 12101, et seq.

45. That defendants actions, jointly and severally, were done willfully and intentionally or with reckless and negligent indifference to plaintiff.

**COUNT ONE: WRONGFUL TERMINATION VIOLATING PUBLIC POLICY**

46. Plaintiffs realleges paragraph 1 through 45.

47. Plaintiffs employment was wrongfully terminated for reasons that violate public policy, whereas;

    a. Defendants obtained confidential medical and private personal information in which was not intended to be disclosed.

b. Defendants used confidential medical and private personal information in decision to terminate plaintiffs employment.

c. Defendants failed to follow internal company policies and Alternative Dispute Resolution (ADR) program in decision to terminate plaintiffs employment.

48. As a result of Defendants actions, plaintiff has suffered damages and defendants are liable for such damages and equitable relief as may be appropriate, in an amount to be decided by this court or jury.

**COUNT TWO: VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993; 29 U.S.C. § 2615 et seq.**

49. 29 U.S.C. § 2615 (a) (1) states that it shall be unlawful for any employer to interfere with, restraining or denying the exercise of or attempted to exercise, any right provided under this subchapter.

50. Plaintiff realleges paragraphs 1 through 49.

51. Defendants have violated plaintiffs protected rights under this subchapter through the following;

a. Denied requested exercise of right or attempt to exercise to return home and take medical leave for serious health condition under personal physicians care.

b. Interfered with rights by conducting a mandatory prohibited medical exam or inquiry by an EAP counselor employed on a regular basis by defendant.

c. Interfered with rights though the prohibited disclosure and use of confidential medical information obtained during the prohibited medical exam or inquiry.

d. Interfered with the exercise or attempt to exercise rights by failing to advise of protected right to take medical leave for serious health condition, which unwittingly caused a forfeiture of such protected rights.

e. Interfered with rights by failing to provide adequate and correct written guidance of basic leave requirements, information on FMLA rights and responsibilities, which unwittingly caused a forfeiture of such protected rights.

f. Interfered with rights by failing to place on leave and designate absence period of Nov. 30, 2004 through Dec. 9, 2004 as qualifying for FML.

g. Interfered with rights by failing to reinstate to job position or equivalent position held prior to the exercise or attempt to exercise protected rights.

52. 29 U.S.C. § 2615 (a) (2) states it shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

53. Plaintiff realleges paragraphs 1 through 52.

54. Defendants have violated plaintiffs protected rights under this subchapter through the following;

a. Discharging for actions in opposing a prohibited medical exam or inquiry;

b. Discharging through the prohibited use of confidential medical information obtained during a prohibited medical exam or inquiry.

55. As a result of these violations, plaintiff has suffered damages and defendants are liable for such damages under 29 U.S.C. § 2617 (a)(1)(A) and (B) in an amount to be decided by this court or jury.

**COUNT THREE: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990; 42 U.S.C. § 12112 et seq.**

56. 42 U.S.C. § 12112 (d)(4)(A) Prohibited medical examination and inquiry; states that a covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.

57. Plaintiff realleges paragraphs 1 through 56.

58. Defendants have violated plaintiffs' protected rights under this subchapter through the following;

    a. Company employed OMP/EAP counselor acted for or on behalf of the employer.

    b. Medical evaluation/inquiry did not focus on plaintiffs' ability to perform essential job functions and was not job-related.

    c. Medical evaluation/inquiry failed to comply with company policy and was not consistent with business necessities.

59. 42 U.S.C. § 12112 (4)(C) states that information obtained regarding the medical condition or history of any employee is subject to the requirements of this subchapter and is collected and maintained on separate forms and in separate medical files and is treated as a confidential medical record, except that, supervisors and managers may be informed regarding necessary restrictions on the work or duties of the employee and necessary accommodations.

60. Plaintiff realleges paragraphs 1 through 59.

61. Defendants have violated plaintiffs' protected rights under this subchapter through the following actions;

a. Company employed OMP/EAP counselor acted for or on behalf of the employer.

b. Company employed OMP/EAP counselor did not properly shield medical or disability related information disclosed by plaintiff during medical evaluation or inquiry from company decision-makers, whereas;

1. Information disclosed did not focus on work restrictions or work duties.

2. Information disclosed did not focus on necessary accommodations.

c. Medical or disability related information disclosed to company decision-makers by company employed OMP/EAP counselor was used for consideration in decision to terminate employee.

62. As a result of these violations, plaintiff has suffered damages and defendants are liable for damages under 42 U.S.C. §§§ 12117, 12133 and 12188, punitive damages, and such equitable relief as may be appropriate, in an amount to be decided by this court or jury.

**COUNT FOUR: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990; 42 U.S.C. § 12203 et seq.**

63. 42 U.S.C. § 12203(a) Retaliation; states that no person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter.

64. Plaintiff realleges paragraphs 1 through 63.

65. Defendants have violated plaintiffs' protected rights under this subchapter through the following;
    a. Discriminated for actions in opposing a prohibited medical exam or inquiry;
    b. Discriminated through the prohibited use of confidential medical information obtained during a prohibited medical exam or inquiry.
    c. Discriminated by taking an adverse employment action in terminating plaintiffs employment.
66. 42 U.S.C. § 12203(b) Interference, coercion, or intimidation; states that it shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.
67. Plaintiff realleges paragraphs 1 through 66.
68. Defendants have violated plaintiffs' protected rights under this subchapter through the following;
    a. Coercing and interfering with the exercise of protected rights by subjecting plaintiff to a prohibited medical evaluation or inquiry.
    b. Interfering with the exercise of protected rights by the disclosing and use of confidential medical and personal information in decision to terminate plaintiffs' employment.
    c. Interfering with the exercise of protected rights by terminating plaintiffs employment because of actions in opposing practices made unlawful under 42 U.S.C. § 12101, et seq.

69. As a result of these violations, plaintiff has suffered damages and defendants are liable for damages under 42 U.S.C. §§§ 12117, 12133 and 12188, punitive damages, and such equitable relief as may be appropriate, in an amount to be decided by this court or jury.

**COUNT FIVE: TORTIOUS INTERFERENCE WITH ECONOMIC ADVANTAGE**

70. Plaintiffs realleges paragraphs 1 through 69.

71. Defendants, jointly and severally, committed the act of Tortuous Interference with plaintiffs Economic Advantage whereas;

    a. Defendants and company (EAP) counselor misrepresented plaintiffs performance,

    b. Defendants took the adverse employment action in terminating plaintiffs employment resulting from the misrepresentations,

    c. Defendants misled, misrepresented, omitted and failed to disclose all pertinent information to the Idaho Commerce and Labor Department concerning plaintiffs termination and eligibility for unemployment benefits, resulting in the initial denial of such benefits,

    d. Defendants acted out of ill will against plaintiff.

72. As a result of Defendants actions, plaintiff has suffered punitive damages and the defendants are liable for such damages and equitable relief as may be appropriate, in an amount to be decided by this court or jury.

**COUNT SIX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

73. Plaintiffs realleges paragraphs 1 through 72.

74. Defendants, jointly and severally, committed the act of Intentional Infliction of Emotional Distress against the plaintiff.

75. Defendants conduct was truly outrageous and extreme, that went "beyond all possible bounds of decency, and should be regarded as atrocious and utterly intolerable in a civilized community", whereas;

a. The defendant acted recklessly or intentionally;

b. The conduct was extreme and outrageous;

c. The defendant's actions were the proximate cause of the plaintiff's distress;

d. The plaintiff actually suffered severe emotional distress.

76. As a result of Defendants actions, plaintiff has suffered punitive damages and the defendants are liable for such damages and equitable relief as may be appropriate, in an amount to be decided by this court or jury.

## COUNT SEVEN: RETALIATORY DISCHARGE

77. Plaintiffs realleges paragraphs 1 through 76.

78. Defendants, jointly and severally, committed the act of Retaliatory Discharge, whereas;

a. Plaintiffs employment was terminated because of actions in opposing unlawful practices, and

b. The prohibited disclosure and use of medical information.

79. As a result of Defendants actions, plaintiff has suffered punitive damages and the defendants are liable for such damages and equitable relief as may be appropriate, in an amount to be decided by this court or jury.

## COUNT EIGHT: DECEIT, MISREPRESENTATION & FRAUD

80. Plaintiffs realleges paragraphs 1 through 79.

81. Defendants, jointly and severally, committed the act of Deceit, Misrepresentation & Fraud whereas;

    a. Misrepresented EAP medical exam/evaluation as condition of plaintiffs continuing employment and concealed material facts relating to some term or condition of employment,

    b. Knew or should have known of the falsity of the misrepresentation,

    c. Intended to induce the plaintiff to rely on the misrepresentation.

82. Plaintiff relied in the belief that information disclosed during EAP evaluation was confidential in nature and would not be used in any consideration of disciplinary actions or employment decisions.

83. That defendants used such confidential information in decision to terminate plaintiffs' employment

84. As a result of Defendants actions, plaintiff has suffered punitive damages and the defendants are liable for such damages and equitable relief as may be appropriate, in an amount to be decided by this court or jury.

## ATTORNEY FEES

85. Plaintiff is entitled to an award of costs and any attorney fees associated with this cause of action, as applicable under State and Federal law.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff prays for the following relief:

1. An Order awarding plaintiff judgment against defendants, jointly and severally, with the precise amounts of such judgment to be decided by this court or jury.
2. An Order awarding plaintiff such equitable relief as may be appropriate, including employment, reinstatement, raises and promotion.
3. An Order awarding plaintiff punitive damages.
4. An Order awarding plaintiff any costs and attorney fees associated with this cause of action.
5. For such other and further relief as the court deems just and equitable.

DATE this 16th day of November, 2007.

By: ____________________
Larry W. Barger
Plaintiff, Pro Se

# EXHIBIT B

EEOC Form 161 (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Larry Barger**
**2352 Saddle Court**
**Idaho Falls, ID 83402**

From: **Seattle Field Office - 551**
**909 First Avenue**
**Suite 400**
**Seattle, WA 98104**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **38C-2005-00335** | **Stephen J. Hunt, Deferral Coordinator** | **(206) 220-6855** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

[signature]

A. Luis Lucero, Jr.,
Director

8-25-06
(Date Mailed)

Enclosures(s)

cc: **BECHTEL BWXT IDAHO, INC.**
**Post Office Box 1625**
**Idaho Falls, ID 83415**

CERTIFICATE OF SERVICE

I, Larry W. Barger, hereby certify that on November 17, 2007, a true and correct **MOTION FOR LEAVE TO ADMEND COMPLAINT**, and **ADMEND COMPLAINT** in Civil Case No. CIV 07-00256-E-BLW was served, by US mail, upon the following:

Jeffrey R. Townsend, of the firm,
HALL, FARLEY, OBERRECHT & BLANTON, P.A.
702 West Idaho, Suite 700
Post Office Box 1271
Boise, Idaho 83701

Dennis Love, General Counsel
CH2M-WG Idaho, LLC
1955 Fremont Avenue
P.O. Box 1625
Idaho Falls, Idaho 83415

Larry W. Barger
Plaintiff, Pro Se
P.O. Box 52041
Idaho Falls, Idaho
83405-2041