Larry W. Barger
P.O. Box 52041
Idaho Falls, Idaho 83405-2041
(208) 589-8737
Plaintiff, Pro Se

U.S. COURTS

AUG 14 2008

Rcvd_____ Filed ✓ Time 10:45 AM
CAMERON S. BURKE
CLERK, DISTRICT OF IDAHO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LARRY W. BARGER,<br><br>          Plaintiff<br><br>vs.<br><br>BECHTEL BWXT IDAHO, LLC,<br>CH2M-WG IDAHO, LLC,<br>JOHN D. EDELMAYER and<br>BERNADINE C. SIKORSKI,<br><br>          Defendants | Case No. CIV 07-00256-E-BLW<br><br>AFFIDAVIT OF LARRY W.<br>BARGER IN SUPPORT OF<br>PLAINTIFFS' RESPONSE<br>TO MOTION FOR SUMMARY<br>JUDGMENT |

STATE OF IDAHO    )
                           ) ss.
County of Bonneville  )

**AFFIDAVIT OF LARRY W. BARGER IN SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT- 1**

LARRY W. BARGER, being first duly sworn upon oath, deposes and says:

1. I worked for defendant, Bechtel Idaho, LLC (BBWI) and prior successors in interest from January 1990 until my termination in December 2004.

2. During employment I continuously received excellent to outstanding annual performance reviews.

3. During mid to late 2004 I started to suffer from stress related issues, anxiety depression and sleep problems that effected my health and work performance.

4. On August 27, 2004 I was examined by Dr. Scott Appleton, a urgent care physician, who prescribed Paroxetine (Paxil) and Alprazolam (Xanax).

5. From September through November 2004 I continued to suffer from stress related issues, anxiety, depression and sleep problems that effected my health and work performance.

6. On November 23, 2004 I was examined by Zabrina Thurman, P.A. who increased the dosage of my Paxil medication for my continuing anxiety, depression and sleep problems that effected my health and work performance.

7. Prior to and after November 30, 2004 I notified and continued to keep immediate work managers informed of health concerns, visits to personal health care provider and prescribed medication as required by company policy, under section "Ability To Work" section.

8. At no time prior to or after November 30, 2004 did any company official request any additional medical information or certification of health condition concerning my ability to perform my job from me or my personal health care provider(s).

**AFFIDAVIT OF LARRY W. BARGER IN SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT- 2**

9. On November 30, 2004 and through December 10, 2004, my "serious health condition" of stress related issues, anxiety, depression and sleep problems rendered me unable to perform the essential functions of the job position held.

10. On November 29, 2004 I did attend a meeting with Scott Raisch and Chip Barnhart and received a phone call from John Edelmayer requesting that I take the next few days off.

11. On November 30, 2004 I did go to work but it was over the stress concerns associated with the "Readiness Review" of the major project I was on.

12. On November 30, 2004 and without prior notice, managers Edelmayer, Rasich and Barnhart directed me to submit to a mandatory fitness for duty evaluation through the company OMP/EAP program.

13. On November 30, 2004, I opposed managers direction to be evaluated for fitness for duty by a OMP/EAP doctor or counselor employed on a regular basis by Bechtel (BBWI).

14. On November 30, 2004, I requested to be allowed to return home and take leave under personal physicians care for unforeseeable "serious health condition". I said "You wanted me to take a few days off, let me go home and I will see my own doctor". Edelmayer told me that "I could not go home until I see the company doctor". I told him "I did not want to see the company doctor because the company doctor did not know anything about my health issues". Edelmayer continued to tell me that "I could not go home until I saw the company doctor".

**AFFIDAVIT OF LARRY W. BARGER IN SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT- 3**

15. On November 30, 2004, under duress resulting from managers actions and while suffering from complications with medication, stress related issues, anxiety, depression and sleep problems I left work and returned home.

16. On December 2, 2004, after getting much needed rest, I contacted Lee Sigitowicz, Rasich and Edelmayer, and informed them that my intention was not to terminate employment and that my actions resulted from my complications with medication, stress related issues, anxiety, depression and sleep problems

17. On December 2, 2004, managers told me that they under stood my situation, that I was not terminated and that they had re-scheduled and again directed me to submit to a mandatory evaluation for fitness for duty through the company OMP/EAP program.

18. On December 6, 2004, I was evaluated by an Bechtel (BBWI) Employee Assistance Program (EAP) counselor, Dr. Ken Minnix.

19. On December 6, 2004, EAP counselor, Ken Minnix referred me to outside mental health counseling.

20. On December 6, 2004, BECHTEL (BBWI) convened a Personnel Action Advisory Group (PAAG) to review my employment status without my knowledge or involvment in proceedings.

21. On December 6, 2004, during EAP session with EAP counselor, Ken Minnix, I never gave him permission to disclosed any confidential medical and personal information obtained during evaluation.

22. December 6, 2004 through December 9, 2004, I continued to keep manager Lee Sigitowicz informed of health condition and scheduled outside mental health counseling.

23. On December 10, 2004, I attended outside mental health counseling with Heidi Igarashi, MA.

24. On December 10, 2004, I received a paycheck in the mail. My normal mode of getting paid was through direct deposit with my bank. This pay check was a final termination pay check.

25. On December 10, 2004, I was informed by John Edelmayer that BECHTEL (BBWI) had terminated my employment.

26. On or about December 15, 2004, I received a package containing a letter dated December 2, 2004 from defendant, Bernadine C. Sikorski stating "Please be advised that, effective November 30, 2004, Bechtel BWXT Idaho, LLC accepts your voluntary resignation".

27. On December 30, 2004, I wrote a letter to Bechtel (BBWI) senior management outlining my situation and asking "For why I had been terminated". To date I have never received a response from any company offical concerning this letter.

28. In January 2005, I retained an Attorney and on February 1, 2005, my attorney sent Bechtel (BBWI) a letter notifying them of my retaining him and my concerns over how my termination was handled and my request to be reinstated to full employment. To date I have never received a response from any company offical concerning this letter.

AFFIDAVIT OF LARRY W. BARGER IN SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT- 5

29. In January 2005, Bechtel (BBWI) protested my eligiblity for unemployment benefits.

30. On March 22, 2005, an Appeal of Denial of Unemployment Benefits Hearing was held between Bechtel (BBWI) and myself.

31. I filed a charge under the Americans with Disabilities Act of 1990 with the Idaho Human Rights Commission, and dual filed with the Equal Employment Opportunity Commission with Notices of Right to Sue received from the IHRC on or about July 28, 2006 and the EEOC on or about August 26, 2006, respectfully.

32. I never "voluntarily" resigned from my employment.

33. I never recieved any training concerning the laws under the ADA or the FMLA while employed with Bechtel (BBWI) or its previous successors in interest.

34. Prior to November 30, 2004 and after, I was never informed by any company official of rights or responsibilities under ther ADA or FMLA.

35. Further your affiant sayeth naught.

                                                                LARRY W. BARGER

**SUBSCRIBED AND SWORN TO** before me this 13 day of August, 2008.

**JURAT**

State of Idaho
County of Bonneville

Subscribed and sworn/affirmed to before me this 13th day of Aug 20 08, by Larry W. Barger

Eloise Pack
Notary Public

My Commission Expires: 12-22-09

[Notary Seal: ELOISE PACK, NOTARY PUBLIC, STATE OF IDAHO]

**AFFIDAVIT OF LARRY W. BARGER IN SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT- 6**

## CERTIFICATE OF SERVICE

I, <u>Larry W. Barger</u>, hereby certify that on the ___14___ day of August, 2008, a true and correct copy of **AFFIDAVIT OF LARRY W. BARGER IN SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT** in Civil Case No. CIV 07-00256-E-BLW was served, by US mail, upon the following:

Jeffrey R. Townsend, of the firm,
  HALL, FARLEY, OBERRECHT & BLANTON, P.A.
  702 West Idaho, Suite 700
  Post Office Box 1271
  Boise, Idaho 83701

*[signature]*
Larry W. Barger
Plaintiff, Pro Se
P.O. Box 52041
Idaho Falls, Idaho
83405-2041

**AFFIDAVIT OF LARRY W. BARGER IN SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT- 7**