Larry W. Barger
P.O. Box 52041
Idaho Falls, Idaho 83405-2041
(208) 589-8737
Plaintiff, Pro Se

U.S. COURTS

AUG 14 2008

Rcvd_____ Filed N Time 10:45 AM
CAMERON S. BURKE
CLERK, DISTRICT OF IDAHO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LARRY W. BARGER,<br><br>     Plaintiff<br><br>vs.<br><br>BECHTEL BWXT IDAHO, LLC,<br>CH2M-WG IDAHO, LLC,<br>JOHN D. EDELMAYER and<br>BERNADINE C. SIKORSKI,<br><br>     Defendants | Case No. CIV 07-00256-E-BLW<br><br>**RESPONSE TO THE MOTION<br>FOR SUMMARY JUDGMENT<br>FILED ON JULY 24, 2008** |

**RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT FILED ON JULY 24, 2008- 1**

## TABLE OF CONTENTS

I. INTRODUCTION
II. STATEMENT OF FACTS IN DISPUTE
III. LEGAL ARGUMENT
    A. Defendant CH2M-WG Idaho as "successor in interest"
    B. Defendants' Bernadine Sikorski and John Edelmayer were effectively served.
    C. Wrongful Discharge Claim
    D. FMLA claim
    E. ADA claim
    F. Tortious Interference with Economic Advantage
    G. Intential Infliction of Emotional Distress
    H. Retaliatory Discharge
    I. Deceit, Misrepresentation and Fraud
IV. CONCLUSION

## TABLE OF AUTHORITIES

**Cases**
(Serious health condition)

(Jones versus Willow Gardens Care Center, N.D. Iowa, 2000); Stress, depression constitutes serious health condition with prescribed medication and continuing care. Employer failed to exercise request for medical certification.
(Brock versus United Grinding Tech., Mich., 2000); Depression, chronic serious health condition with continuing regiment of treatment, prescribed medication.
(Victorelli versus Shadyside Hosp. 3rd cir., 1997); serious health condition that involves episodic over extended period of time with prescribed medication.
(Stekloff versus St. Johns Mercy Health Systems); Absences attributable to serious health condition can qualify for FML even if employee doesn't receive treatment from a health care provider during the absence.

### (Notice of serious health condition)

(Byrne versus Avon Products, Inc. 7th cir. 2003); Sudden unusual behavior after years of consistent job performance enough to notify a reasonable employer that employee suffered a serious health condition.
(Edwards versus Community Enterprises); Employer can not argue lack of notice when employer "recommended" employee seek treatment.
(Browning versus Liberty Mutual Insurance Co. 8th cir, 1999); Under the FMLA, the employers duties are triggered when the employee provides enough information to put the employer on notice that the employee "may" be in need of FMLA leave.
(Rhoads versus Federal Deposit Insurance Co. Dis. Maryland, 1997); Verbal notice combined with employer's "awareness of illness" is adequate notice. Responsibilities of employer to inquiry further if in doubt.
(Perry versus Jaguar 6th cir. 2003); Certification requirements in handbook not enough. Employer "must" provide employee with written certification requirements when notice of need for leave is given.
(Smith versus University of Chicago Hosp. E.D.III., 2003) FMLA provided the exclusive means of challenging validity of a leave and not doing so precludes doing so in litigation was just to late. If employer fails to use 2nd or 3rd opinion option, it may not, when sued, seek discovery of employee's medical records to challenge leave entitlements.

### (Fitness for duty/medical certification)

(Routes versus Henderson S.D. 1999); An employees "fitness for duty" is to be evaluated by employees health care provider "not" by the employers.
(Krohn versus Forsting, E.D. Mo, 1998); Employer did not satisfy its inquiry obligation. Failed to request certification process. City Employed physician cleared employee to return to work, disqualified from rendering a second opinion.

RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT FILED ON JULY 24, 2008- 3

(Albert versus Runyon, D. Mass. 1998) Postal service had no right to require fitness for duty exam over validity of certification w/o first contacting employee's physician.

### (Employer responsibility)

(Conoshenti versus Public Service Electric and Gas 3rd cir. 2000); Failure to notify employee of FMLA rights constitutes "interference" with employees exercise of FMLA rights.

(Kosakow versus New Rochelle Radiology Assoc., 2nd cir. 2001); Employer was under a "legal duty" to inform its employees of the protection of the FMLA and what was required of it's employees in order that they qualify for those protections. Silence in the face of its legal duty.

(Kaylor versus Fannin Regional Hospital); Duty of employer to adhere to the FMLA in allowing employees to take leave is absolute and liability for failure to do so is strict.

(Calvin versus Honda); Unforeseeable leave can not be denied or require internal policy notice requirement so long as employee has given oral notification to invoke protection.

### (Discharge/opposing)

(Bachelder versus America West Airlines, 9th cir. 2001); Employers good faith belief that leave was not covered by FMLA is "irrelevant" when employer uses employee's protected leave as a "negative" factor in adverse employment action (discharge).

(Miller versus GB Sales & Service, E.D. Mich. 2003); Employer could not believe it was complying with FMLA in good faith where employer did not consider FMLA issues at all with respect to employees termination.

### (Resignation)

(Harper versus Hospital Services Dist. #1 Of Tangipahoa Parish, D.E.La 1999) Resignation does not preclude from asserting FMLA violation because jury could find that resignation was the result of violation.

(Lau versus Behr Heat Transfer System Inc. D. of S.D. 2001); Summary judgment in favor of employee where material facts exists concerning competency of mental state when employee signed a resignation form.

(Calf. FEHC versus Gemini Aluminum Corp); Companies own unlawful conduct (denial of leave, company doctor) triggered actions in quitting that company could not rely on that insubordination-quitting to justify its termination decision.

### (HIPAA/Privacy Act/Invasion of privacy)

(Jaffee versus Redmond) and (Oleszko versus State Compensatoion Insurance Fund 9th District, 2000): Doctor/patient privilge in confidential communications extends to company EAP doctors/counselors.

**RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT FILED ON JULY 24, 2008- 4**

### (ADA misc. claims)

(Jackson versus Lake County); A non-disabled employee may bring an ADA suit based upon an improper medical inquiry and/or examination.

(Roe versus Cheyenne Mountain Conf. Resort, 10th cir., 1997); Requiring employees to disclose their prescription drug medication is a prohibited inquiry under ADA.

(Saunders versus Arneson Products, Inc.); The ADA contemplates an interactive approach between employer and employee.

### (FLSA)

(Sehie versus City of Aurora); Employer mandated EAP sessions must be compensated.

### (Tortious Interference with Advantageous Relations)

(Draghetti versus Chmielewski); Employee claim against supervisor who misrepresented employees performance, where evidence that supervisor acted out of ill will against employee.

**Statues**

| | |
|---|---|
| Idaho Rules of Civil Procedure 56 | 6 |
| 29 U.S.C. § 2611 | 7,8 |
| 29 U.S.C. § 2615 (a) (1) | 9 |
| 29 U.S.C. § 2615 (a) (2) | 10 |
| 42 U.S.C. § 12112 (d)(4)(A) | 11 |
| 42 U.S.C. § 12112 (4)(C) | 11 |
| 42 U.S.C. § 12203(a) | 12 |
| 42 U.S.C. § 12203(b) | 12 |
| 42 U.S.C. § 12101, et seq. | 13 |

## I. INTRODUCTION

Plaintiff, Larry W. Barger, moves this court for an order denying summary judgement to defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP"), as to each and every cause of action in plaintiff's Amended Complaint. Issues in dispute are whether plaintiff voluntarily resigned from employment or was wrongfully terminated by defendant Bechtel BWXT Idaho, LLC ("BBWI") in violation under the FMLA and/or ADA and did defendants engage in additional wrongful common law torts.

## II. STATEMENT OF FACTS IN DISPUTE

On November 30, 2004 and through December 10, 2004, my "serious health condition" of stress related issues, anxiety, depression and sleep problems rendered me unable to perform the essential functions of the job position held.

On November 30, 2004 and without prior notice, managers Edelmayer, Rasich and Barnhart directed me to submit to a mandatory fitness for duty evaluation through the company OMP/EAP program. I opposed managers direction to be evaluated for fitness for duty by a OMP/EAP doctor or counselor employed on a regular basis by (BBWI). I requested to be allowed to return home and take leave under personal physicians care for unforeseeable "serious health condition". I told them "You wanted me to take a few days off, let me go home and I will see my own doctor". Edelmayer told me that "I could not go home until I see the company doctor". I told him "I did not want to see the company doctor because the company doctor did not know anything about my health issues". Edelmayer continued to tell me that "I could not go home until I saw the company doctor".

RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT FILED ON JULY 24, 2008- 6

On November 30, 2004, under duress resulting from managers actions and while suffering from complications with medication, stress related issues, anxiety, depression and sleep problems I left work and returned home.

On December 2, 2004, I contacted Lee Sigitowicz, Rasich and Edelmayer, and informed them that my intention was not to terminate employment and that my actions resulted from my complications with medication, stress related issues, anxiety, depression and sleep problems. Managers told me that they under stood my situation, that I was not terminated and that they had re-scheduled and again directed me to submit to a mandatory evaluation for fitness for duty through the company OMP/EAP program.

On December 6, 2004, during EAP session with EAP counselor, Ken Minnix, I never gave him permission to disclosed any confidential medical and personal information obtained during evaluation.

On December 6, 2004, BECHTEL (BBWI) convened a Personnel Action Advisory Group (PAAG) to review my employment status without my knowledge or involvment in proceedings.

## III. LEGAL ARGUMENT

### A. <u>Defendant CH2M-WG Idaho as "successor in interest"</u>

Defendant CH2M-WG (CWI) is the "successor in interest" to BBWI as defined under 29 U.S.C. § 2611 by maintaining continuity of operations, use of the same facility, continuity of the workforce, similarity in the working environment, and similarity of services. CWIs' contract with DOE to operate the RWMC, inwhich the plaintiff

RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT FILED ON JULY 24, 2008- 7

maintained a work location during employment, stipulates that the incumbent contractor will be assigned existing contractual agreements on the takeover date, which includes lawsuits and other litigation matters. (Separate Statement of Disputed Material Facts ("DMF") No.14)

29 U.S.C. § 2611 does not require that an "eligible employee" be employed by a "successor in interest" to be protected from the wrong doings of the previous employer. (DMF No.14)

CWI is not entitled to judgment as a matter of law because CWI is the "successor in interest" to BBWI as defined under 29 U.S.C. § 2611 and is responsible for litigating this matter.

### B. Defendants' Bernadine Sikorski and John Edelmayer were effectively served.

This court should not dismiss th action against defendants B. Sikorski and J. Edelmayer. Defendants were named in Amended Complaint in which defendants counsel had already been properly served. Both defendants were also involved and named in complaint filed with Idaho Human Rights Commission and had notice of intent to file lawsuit. (DMF No. 15)

### C. Wrongful Discharge Claim

Plaintiffs employment was wrongfully terminated for reasons that violate public policy, whereas; Defendants obtained confidential medical and private personal information in during PAAG review board which plaintiff did not give permission to disclose. Defendants used confidential medical and private personal information in decision to terminate plaintiffs employment. The decision to terminate plaintiffs'

RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT FILED ON JULY 24, 2008- 8

employment was based on his erratic behavior resulting from health issues and information disclosed by OMP/EAP doctors. (DMF No. 12)

Defendants contend that information conveyed by Dr. Minnix to the PAAG group was only general impression of plaintiff. Dr. Minnix and Dr. Crieghton, Director of OMP/EAP Program, impression of plaintiff was that plaintiff had a Personality Disorder and "that taking a individual back will be the same as in the past". That plaintiffs' issues were "longstanding personality pattern and that plaintiff blames everyone else for his issues". (DMF No. 12)

Both the ADA and FMLA, inaddition to company policy, restrict information that may be disclosed to company managers and supervisors to necessary restrictions on the work or duties of the employee and necessary accommodations.

Statement documented in PAAG notes states "Sikorski received a call saying not to terminate Barger. Barger was to report to EAP on Monday 12/6 and then we would convene a PAAG". An addition statement in PAAG notes by R. French, Director of Department over Barger, states "We will ask him to go to EAP and see what they say", futher document that information obtained from EAP evaluation would be used in decision to terminate plaintiff. (DMF No. 9)

Material issues of facts exist to whether plaintiff voluntarily resigned, as contended by defendants, or that plaintiff was terminated for reasons that violated Public Policy.

### D.  **FMLA claim**

29 U.S.C. § 2615 (a) (1) states that it shall be unlawful for any employer to interfere with, restraining or denying the exercise of or attempted to exercise, any

right provided under this subchapter.

Defendants have violated plaintiffs protected rights under this subchapter by denying requested exercise of right or attempt to exercise to return home and take medical leave for serious health condition under personal physicians care.
(DMF No. 7)

Interfered with rights by conducting a mandatory prohibited medical exam or inquiry by a EAP counselor employed on a regular basis by defendant. (DMF No. 13)

Interfered with rights though the prohibited disclosure and use of confidential medical information obtained during the prohibited medical exam or inquiry.
(DMF No. 12)

Interfered with the exercise or attempt to exercise rights by failing to advise of protected right to take medical leave for serious health condition, which unwittingly caused a forfeiture of such protected rights. (DMF No. 5)

Interfered with rights by failing to provide adequate and correct written guidance of basic leave requirements, information on FMLA rights and responsibilities, which unwittingly caused a forfeiture of such protected rights. (DMF No.6)

Interfered with rights by failing to place on leave and designate absence period of Nov. 30, 2004 through Dec. 9, 2004 as qualifying for FML. (DMF No. 7)

Interfered with rights by failing to reinstate to job position or equivalent position held prior to the exercise or attempt to exercise protected rights.

29 U.S.C. § 2615 (a) (2) states it shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

Defendants have violated plaintiffs protected rights under this subchapter by discharging plaintiffs for actions in opposing a prohibited medical exam or inquiry;

Discharging plaintiff through the prohibited use of confidential medical information obtained during a prohibited medical exam or inquiry by a company OMP/EAP doctor.

### E. ADA claim

42 U.S.C. § 12112 (d)(4)(A) Prohibited medical examination and inquiry; states that a covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.

Defendants have violated plaintiffs' protected rights under this subchapter by conducting a medical examination or inquiry by a Company employed OMP/EAP counselor acting for or on behalf of the employer. Whereas the medical evaluation or inquiry did not focus on plaintiffs' ability to perform essential job functions and was not job-related. That the medical evaluation or inquiry failed to comply with company policy and was not consistent with business necessities. (DMF No. 13)

42 U.S.C. § 12112 (4)(C) states that information obtained regarding the medical condition or history of any employee is subject to the requirements of this subchapter and is collected and maintained on separate forms and in separate medical files and is treated as a confidential medical record, except that, supervisors and managers may be informed regarding necessary restrictions on the work or duties of the employee and necessary accommodations. (DMF No. 12)

Defendants have violated plaintiffs' protected rights under this subchapter

whereas the company employed OMP/EAP counselor acted for or on behalf of the employer.

The company employed OMP/EAP counselor did not properly shield medical or disability related information disclosed by plaintiff during medical evaluation or inquiry from company decision-makers, whereas; information disclosed did not focus on work restrictions or work duties and information disclosed did not focus on any necessary accommodations. (DMF No.12)

Medical or disability related information disclosed to company decision-makers by company employed OMP/EAP counselor and Director was used for consideration in decision to terminate employee. (DMF No. 9)

42 U.S.C. § 12203(a) Retaliation; states that no person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter.

Defendants have violated plaintiffs' protected rights under this subchapter by discriminating for actions in opposing a prohibited medical exam or inquiry;

Discriminating through the prohibited use of confidential medical information obtained during a prohibited medical exam or inquiry. (DMF No. 12)

Discriminated by taking an adverse employment action in terminating plaintiffs employment.

42 U.S.C. § 12203(b) Interference, coercion, or intimidation; states that it shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the

RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT FILED ON JULY 24, 2008- 12

exercise or enjoyment of, any right granted or protected by this chapter.

Defendants have violated plaintiffs' protected rights under this subchapter by coercing and interfering with the exercise of protected rights in subjecting plaintiff to a prohibited medical evaluation or inquiry. (DMF No. 13)

Interfering with the exercise of protected rights by the disclosing and use of confidential medical and personal information in decision to terminate plaintiffs employment. (DMF No. 9)

Interfering with the exercise of protected rights by terminating plaintiffs employment because of actions in opposing practices made unlawful under 42 U.S.C. § 12101, et seq.

### F.  Tortious Interference with Economic Advantage

Defendants, jointly and severally, commited the act of Tortious Interference with plaintiffs Economic Advantage whereas; defendants and company (EAP) counselor misrepresented plaintiffs performance.

Defendants took the adverse employment action in terminating plaintiffs employment resulting from the misrepresentations.

Defendants misled, misrepresented, omitted and failed to disclose all pertinent information to the Idaho Commerce and Labor Department concerning plaintiffs termination and eligibility for unemployment benefits, resulting in the initial denial of such benefits.

Defendants acted out of ill will against plaintiff.

### G.  Intential Infliction of Emotional Distress

Defendants, jointly and severally, commited the act of Intentional Infliction of Emotional Distress against the plaintiff, whereas, defendants conduct was truly outrageous and extreme, that went "beyond all possible bounds of decency, and should be regarded as atrocious and utterly intolerable in a civilized community".

The defendant acted recklessly or intentionally;

The conduct was extreme and outrageous;

The defendant's actions were the proximate cause of the plaintiff's distress;

The plaintiff actually suffered severe emotional distress.

### H.  Retaliatory Discharge

Defendants, jointly and severally, commited the act of Retaliatory Discharge, whereas; plaintiffs employment was terminated because of actions in opposing unlawful practices, and the prohibited disclosure and use of medical information.

### I.  Deceit, Misrepresentation and Fraud

Defendants, jointly and severally, commited the act of Deceit, Misrepresentation and Fraud whereas; defendants misrepresented EAP medical exam/evaluation as condition of plaintiffs continuing employment and concealed material facts relating to some term or condition of employment,

That defendants knew or should have known of the falsity of the misrepresentation,

and intended to induce the plaintiff to rely on the misrepresentation.

Plaintiff relied in the belief that information disclosed during EAP evaluation was confidential in nature and would not be used in any consideration of disciplinary actions or employment decisions.

**RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT FILED ON JULY 24, 2008- 14**

That defendants used such confidential information in decision to terminate plaintiffs employment.

## IV. CONCLUSION

Plaintiff respectfully request that this court deny the defendants motion for summary judgment as to each and every cause of action. As set forth above, defendants are unable to establish that there is no genuine issue as to any material fact and therefor that the moving party is <u>not</u> entitled to judgment as a matter of law.

DATE this 14 day of August, 2008.

By: _____
Larry W. Barger
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I, <u>Larry W. Barger</u>, hereby certify that on the 14 day of August, 2008, a true and correct copy of **RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT FILED ON JULY 24, 2008** in Civil Case No. CIV 07-00256-E-BLW was served, by US mail, upon the following:

Jeffrey R. Townsend, of the firm,
HALL, FARLEY, OBERRECHT & BLANTON, P.A.
702 West Idaho, Suite 700
Post Office Box 1271
Boise, Idaho 83701

_____
Larry W. Barger
Plaintiff, Pro Se
P.O. Box 52041
Idaho Falls, Idaho
83405-2041